# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

WILLIAM OVERDEEP
    VS

SELECT PORTFOLIO SERVICING, INC.,
WELLS FARGO BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR SABR 2004-OP1
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2004-OP1, ALIAS

## COMPLAINT

Plaintiff, by his attorney complains of Defendants as follows:

1. Plaintiff is a resident of State of Rhode Island with an address of 1621 Old Smithfield Road, North Smithfield, Rhode Island. Plaintiff resides at and owns said real estate located at 1621 Old Smithfield Road, North Smithfield, Rhode Island along with his wife, Cindy Overdeep. This property has an assessed value of $393,200.00 by the Town of North Smithfield. As a result this property has equity of more than $40,000.00.

2. Plaintiff executed a mortgage to Option One Mortgage Corporation on November 19, 2003. A copy is attached as Exhibit A.

3. Orlans PLLC is a Michigan Limited Liability Company, which does business in Rhode Island as a debt collector.

4. Select Portfolio Servicing, Inc. ("SPS") is a foreign corporation. It is a loan servicer for the owner of Plaintiff's mortgage. It is a debt collector and it does not own Plaintiff's mortgage. At the time it commenced servicing of the mortgage loan, Plaintiff's mortgage loan account was delinquent.

     5.  Wells Fargo Bank National Association as Trustee for SABR 2004-OP1 Mortgage Pass-Through Certificates, Series 2004-OP1 ("Wells Fargo") claims to own Plaintiff's note and mortgage. However this entity has never been assigned Plaintiff's mortgage or transferred Plaintiff's note. This entity does not exist under that name. There is a Trust with the name of Structured Asset Backed Receivables Trust 2004-OP1 as described in its Pooling and Servicing Agreement, which was filed at the Securities and Exchange Commission at the following web hyperlink:

     https://www.sec.gov/Archives/edgar/data/1283459/000105640405001770/sab04op1_2004.txt

     6.  This Pooling and Servicing agreement describes the chain of title of all mortgages, which were transferred into the Trust solely by Structured Asset Backed Receivables, LLC.

     7.  As indicated by Exhibit B, attached to this Affidavit, Plaintiff's promissory note to Option Mortgage Corporation was lost. This affidavit of lost note was mailed to Plaintiff's attorney by the previous loan servicer, Ocwen Loan Serviceing, LLC. In this lost note affidavit, dated March 29, 2007 Option One Mortgage Corporation, the originator of the loan stated that Plaintiff's mortgage note had been lost.

     8.  Plaintiff's attorney received this lost note affidavit from the previous loan servicer, Ocwen Loan Servicing, LLC in March 2015.

     9.  Wells Fargo has not been assigned the mortgage from Option One Mortgage Corporation or any entity which owned the mortgage and the note.

     10.  The alleged assignment was from Sand Canyon Corporation to Wells Fargo Bank, N.A. as Trustee for SABR Trust 2004-OP1, Mortgage Pass-Through Certificates, Series 2004-OP1. It was dated April 18, 2012. A copy is attached as Exhibit C.

     11.  This purported assignment of mortgage was void due to the fact that Option One did not own Plaintiff's mortgage on April 18, 2012.

12. On March 18, 2009, an affidavit was filed in the United States Bankruptcy Court for the Eastern District of Louisiana in case number 07-11862. A copy is attached as Exhibit D.

13. This affidavit was signed by Dale Sugimoto, President of Sand Canyon.

14. In this affidavit, dated March 18, 2009, Dale Sugimoto declared:

> 5. Accordingly, Sand Canyon is no longer engaged in the servicing of residential mortgage loans . . .
> 6. San Canyon also does not own any residential real estate mortgages.
> 7. Sand Canyon's present business involves dealing with litigation claims, including title issues or litigation relating to servicing prior to the sale of OOMC's servicing rights to AHMC.

15. On April 18, 2012, the date of the alleged assignment, neither Sand Canyon nor Option One owned any mortgage loans.

16. Orlans PLLC, on behalf of SPS and Wells Fargo has scheduled a foreclosure sale for Plaintiff's home on February , 2018, a copy of which Notice of Sale is attached as Exhibit E.

17. Plaintiff and his wife have applied for several loan modifications. Plaintiff has been advised that this trust does not provide any loan modifications. However Plaintiff obtained documents which indicate that this Trust has regularly provided loan modifications.

18. On January 26, 2015 Ocwen, the prior servicer advised Plaintiff that the Owner of his loan does not allow loan modifications. It also stated that:

> According to our records, Wells Fargo Bank Corporate Trust Services is the owner of your loan.

19. A copy of this letter is attached as Exhibit F.

20.  This Court has subject matter jurisdiction over the matters in this complaint pursuant to various Federal Statutes.

21.  The provisions of 28 USC Sec. 2201, grant this Court jurisdiction over questions of law and equity.  The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from taking adverse action on the subject property owned by the Plaintiff at 1621 Old Smithfield Road, North Smithfield, Rhode Island.

22.  The provisions of the Declaratory Judgment Act, 28 USC Sec. 2201 et seq., grant this Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, mortgages and note.  Plaintiff asks that the alleged assignment of mortgage be declared invalid and void ab initio and that this Court declare that the Defendant cannot foreclose due to the fact that the promissory note has been lost  and that as a result the Defendants lack standing to enforce the note or to foreclose on the mortgage.

23.  The provisions of the Fair Debt Collection Practices Act, 15 USC 1692(k) grants the Court jurisdiction over violations of that Act as alleged in this complaint.

24.  Plaintiff is a resident of the State of Rhode Island, the defendants are entities which do not have a principal place of business in Rhode Island and the amount in controversy is greater than $75,000.00.  Thus this Court has diversity jurisdiction.

## COUNT I

## DECLARATORY JUDGMENT

25.  Paragraphs 1-24 are incorporated by reference.

26.  The provisions of the Rhode Island Uniform Commercial Code regarding lost notes are located at  R.I.G.L. 6A-3-309.

27.  This section provides that:

> § 6A-3-309 Enforcement of lost, destroyed, or stolen instrument. – (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process. (emphasis added).
>
> (b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, § 6A-3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

28. The lost note affidavit makes it clear that this promissory note was lost prior to any conveyance of the obligation or mortgage to Wells Fargo.

29. The note was lost when Option One owned the mortgage and note.

30. The affidavit of the President of Sand Canyon Corporation certified under oath that as of March 18, 2009, Sand Canyon Corporation, the entity formerly known as Option One Mortgage Corporation, owned no mortgages.

31. As a result the mortgage was never conveyed to Wells Fargo by the alleged assignment of mortgage.

32. Neither Wells Fargo nor SPS could accelerate a mortgage note which had been lost prior to their obtaining ownership interest in the note.

5

33. As a result neither Wells Fargo nor SPS have standing to exercise the statutory power of sale, without establishing entitlement to the proceeds under the lost note by a legal action.

34. The failure to establish entitlement to payment by virtue of a Declaratory Judgment to establish ownership of a lost note precludes Defendants from accelerating the mortgage note, declaring the Plaintiff in default, commencing a Judicial Foreclosure or exercising the statutory power of sale.

35. The Plaintiff has incurred legal fees for the prosecution of this action.

Wherefore, the Plaintiff demands that this Court:

1. Issue a Declaratory Judgment that the mortgage has not been conveyed to Wells Fargo and that the purported assignment of mortgage is void.

2. Issue a Declaratory Judgment that the promissory note has been lost and that as a result the Defendants may not exercise the statutory power of sale or commence a Judicial Foreclosure without first establishing entitlement to enforce the lost note pursuant to the provisions of R.I.G.L. 6A-3-309.

3. Grant all other Just and proper relief.

                WILLIAM OVERDEP
                By his Attorney

February 2, 2018         /s/ John B. Ennis
                JOHN B. ENNIS, ESQ. #2135
                1200 Reservoir Avenue
                Cranston, Rhode Island 02920
                (401) 943-9230
                Jbelaw75@gmail.com

## COUNT II
## INJUNCTIVE RELIEF

36. Paragraphs 1-35 are incorporated by reference.

37. Plaintiff will be irreparably harmed if the foreclosure sale on February 5, 2018 occurs and his home is sold.

38. Plaintiff and his wife have applied for several loan modifications. Plaintiff has been advised that this trust does not provide any loan modifications. However Plaintiff obtained documents which indicate that this Trust has regularly provided loan modifications.

39. On January 26, 2015 Ocwen, the prior servicer advised Plaintiff that the Owner of his loan does not allow loan modifications. It also stated that:

According to our records, Wells Fargo Bank Corporate Trust Services is the owner of your loan.

40. A copy of this letter is attached as Exhibit F.

41. Plaintiff resides at 1621 Old Smithfield Road, North Smithfield, Rhode Island with his wife and six special needs foster children.

42. Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

43. The lack of an assignment of the mortgage to Wells Fargo, the lost note and the inability of Wells Fargo or SPS to accelerate the mortgage due to the lost note and the purported ownership of this loan by Wells Fargo Bank Corporate Trust Services renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale. This demonstrates that Plaintiff has a substantial likelihood of success.

44. These facts demonstrate that Plaintiff has a substantial likelihood of success. Likewise a foreclosure of Plaintiff's property by a party not entitled to foreclose on the property will cause Plaintiff irreparable

Case 1:18-cv-00048-JJM-PAS   Document 1   Filed 02/02/18   Page 8 of 12 PageID #: 8

harm, which hardship is greater than any hardship, which may be claimed by defendants.

45. Such relief sought by Plaintiff will not disserve the public interest if imposed.

46. Plaintiff has requested that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin SPS, Wells Fargo and any other entity acting on their behalf from conducting or continuing or advertising a foreclosure sale on February 5, 2018 or at any other time until further Order of this Court.

Wherefore Plaintiff demands that this Court:

a. Grant a Preliminary Injunction and Permanent Injunction Restraining and Enjoining Wells Fargo and SPS or any other entity acting on its behalf from conducting, advertising or continuing a foreclosure sale at 1621 Old Smithfield Road, North Smithfield, Rhode Island at any time.

b. Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendants for scheduling a foreclosure without the legal authority or standing to exercise the statutory power of sale.

c. Grant all other just and proper relief.

                                                WILLIAM OVERDEEP
                                                By his Attorney

February 2, 2018                          /s/ John B. Ennis
                                                JOHN B. ENNIS, ESQ. #2135
                                                1200 Reservoir Avenue
                                                Cranston, Rhode Island 02920
                                                (401) 943-9230
                                                Jbelaw75@gmail.com

8

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692(f)(6)

47. Paragraphs 1-46 are incorporated by reference.

48. SPS is a debt collector as defined by 15 USC 1692 et seq. since February 2, 2017 has committed several violations of the FDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

49. The primary business of SPS is the collection of debts.

50. At the time SPS commenced servicing Plaintiff's mortgage loan account, Plaintiff was delinquent on his mortgage.

51. SPS has used unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

52. SPS has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiff of his him even though SPS and Wells Fargo had no present right to possession of the property claimed as collateral through an enforceable security interest.  Specifically, it committed the following violations in this regard:

    a. On about December 15, 2017 SPS sent to Plaintiff, through its attorney Orlans a Notice of Intention to Foreclose.

    b. SPS has cause publication of three foreclosure advertisements of the sale of Plaintiff's home.

    d. Plaintiff's attorney sent a FDCPA letter to defendants' attorney, which did not stop the foreclosure process on behalf of its client.

53. The facts alleged in this complaint establish that Wells Fargo does not have the present right to possession of the property claimed as collateral through an enforceable security interest.

54. As alleged above, SPS violated 15 U.S.C 1692e(5) by threatening to take legal action which it could not take.

55. SPS also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. SPS made false representations regarding the character and legal status of the debt, namely that it was owned by Wells Fargo.

56. SPS also falsely stated to the Plaintiff in an attempt to collect a debt on August 8, 2017 that the Plaintiff did not qualify for a loan modification, but only a repayment plan of $5408.42 monthly with a balloon payment towards the arrearage. It falsely stated that the investor of the loan only allowed this type of loss mitigation.

57. SPS also falsely stated the amount of the debt on three occasions when it sent payoff statements to the Plaintiff dated December 15, 2017, November 30, 2017 and July 13, 2017. Each of these statements included charges for incurred legal fees for improper foreclosure activity as indicated above, which also included monthly property inspection fees of $15.00 and legal fees for previous foreclosure attempts in 2016 and 2017

58. SPS included all these improper fees in the periodic monthly statements sent to the Plaintiff since February 2, 2017. Thus it falsely stated the amount of the debt in each periodic statement sent since February 2, 2017.

59. All the actions of SPS alleged in this complaint were designed to compel the Plaintiff to pay monies to SPS and Wells Fargo, individually and through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of foreclosure of his home unless he made such a payment to SPS, through its attorney on behalf of the entity, which claimed to own the note.

60. The Plaintiff has incurred actual damages as a result of the violations of the FDCPA:

    a. Plaintiff has incurred costs for gasoline to visit his attorney on at least eight occasions, driving to his attorney's

office for round trips totaling more than 37.60 miles. The IRS standard mileage allowance provides for .56 per mile.

b. Plaintiff has used his cell phone to call and receive calls from his attorney. These calls are charged to him pursuant to his cell phone usage and monthly fees.

c. Plaintiff has used electricity to recharge his cell phone for calls when he spoke with his attorney.

d. He has incurred attorney fees and costs for the prosecution of this action.

e. He has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of his home.

f. His mortgage loan account has been charged unreasonable fees and costs for uncorroborated and unreasonable and unnecessary property inspections and improper legal fees and costs. Such costs have rendered a modification of the mortgage loan more expensive to the Plaintiff

61. As a result of the above described acts of SPS, it is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff demands that Judgment be entered against SPS for the following relief:

A. Judgment against SPS for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

B. For all other just and proper relief.

11

                                                WILLIAM OVERDEEP
                                                By his Attorney

February 2, 2018                        /s/ John B. Ennis
                                                JOHN B. ENNIS, ESQ. #2135
                                                1200 Reservoir Avenue
                                                Cranston, Rhode Island 02920
                                                (401) 943-9230
                                                Jbelaw75@gmail.com

Plaintiff demands a Trial by Jury