# EXHIBIT B



WHEN RECORDED MAIL TO:

OPTION ONE MORTGAGE CORPORATION
P.O. BOX 57096
IRVINE, CA 92619-7096

ATTN: RECORDS MANAGEMENT

Loan Number: 381009975
Servicing Number: 001225372-0

TRUE CERTIFIED COPY

[Space Above This Line For Recording Data]

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on 11/19/2003 . The mortgagor is
WILLIAM R OVERDEEP AND CYNTHIA C OVERDEEP

whose address is
1621 OLD SMITHFIELD ROAD , NORTH SMITHFIELD, RI 02896-
("Borrower"). This Security Instrument is given to

Option One Mortgage Corporation, a California Corporation
which is organized and existing under the laws of CALIFORNIA and whose address is
3 Ada, Irvine, CA 92618

("Lender"). Borrower owes Lender the principal sum of
TWO HUNDRED SIXTY THOUSAND

... AND NO/100THS Dollars (U.S. 260000 ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on 12/01/2033 . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of
this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with Mortgage Covenants upon the Statutory
Condition and with the Statutory Power of Sale, the following described property located in Providence
County, Rhode Island:

17,38

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART THEREOF.

which has the address of 1621 OLD SMITHFIELD ROAD, NORTH SMITHFIELD
[Street, City]

Rhode Island 02896-8217 ("Property Address");
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property and all easements, appurtenances, and
fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument.
All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and
will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal
of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to
Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes

RHODE ISLAND - Single Family
Page 1 of 6

RI3IM11.wp (1G-31-02)



# NOTE

**TRUE CERTIFIED COPY**

1621 OLD SMITHFIELD ROAD, NORTH SMITHFIELD, RI 02896-8217
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S.    $260,000.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
Option One Mortgage Corporation, a California Corporation
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of    6.990%

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on    January 01, 2004
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
December 01    ,2033   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at Option One Mortgage Corporation
Department 7821  Los Angeles, CA  90084-7821  or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S.  $1,728.04

**(C) Application of Payments**

Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If within    12 Months    from the date of the execution of the Security Instrument I make a full prepayment, or a partial prepayment, I will at the same time pay to the Note Holder a prepayment charge. The prepayment charge will be equal to two percent (2%) of the unpaid balance of this Note at time of prepayment. In no event will such a charge be made unless it is authorized by state or federal law.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    6.000%    of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument.

**(C) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.    GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.    WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10.    SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
WILLIAM R OVERDEEP                      -Borrower

SSN: [redacted]
_____ (Seal)
                                        -Borrower

SSN:
_____ (Seal)
                                        -)borrower

SSN:
_____ (Seal)
                                        -Borrower

SSN:
_____ (Seal)
                                        -Borrower

SSN:
_____ (Seal)
                                        -Borrower

SSN:
                                        (Sign Original Only)



# ALLONGE TO NOTE
## (INVESTOR)

This allonge makes reference to the following Note:

Borrowers: WILLIAM R OVERDEEP

Loan #: 381009975
Property Address: 1621 OLD SMITHFIELD ROAD, NORTH SMITHFIELD, RI 02896-8217
Loan Amount: $260,000.00

Note Date: 11/19/03

Therefore, in reference to the captioned note, the following applies:

Pay to the order of:

                                      Without Recourse

Option One Mortgage Corporation
A California Corporation

By: _____
    Laura Ambrose        CANDY SMILEY, ASSISTANT SECRETARY
    Assistant Secretary

                                  USD3050.wp (03-29-07)

Prepared by: Lammone Thavone
Option One Mortgage Corporation
3 Ada
Irvine, CA 92618

## Lost Note Affidavit

Before me, the undersigned Notary, personally appeared Penny Garcia (the "Deponent"), Who upon being duly cautioned and sworn deposes and sayeth as follows:

1. That she is an Assistant Secretary of Option One Mortgage Corporation ("Option One").

2. That as of the time of transfer to _____, Option One was the owner of that certain loan or obligation (the "Loan") evidenced by a certain Promissory Note and a Deed of Trust/Mortgage identified as follows:

| | |
|---|---|
| Loan Number: | 381009975 |
| Borrower: | WILLIAM OVERDEEP |
| Lender: | 1st New England Mortgage Corp., A New Hampshire Corporation |
| Original principal amount: | $260,000.00 |
| Date of Deed of Trust/Mortgage: | 11/19/2003 |
| Instrument No.: | |
| Book: | |
| Page: | |
| Official records of: | PROVIDENCE, RI |

That the Promissory Note evidencing the Loan was duly executed and delivered by the maker thereof, but has been lost or misplaced. The obligation it represents has not been paid, transferred, pledged, or hypothecated. Deponent hereby agrees that Option One Mortgage Corporation shall indemnify and hold harmless_____, its successors and assigns, against any loss, liability or damage, including reasonable attorney's fees, resulting from the unavailability of the original Promissory Note, including, but not limited to, any loss, liability or damage arising from (i) any false statement contained in this affidavit, (ii) any claim of any third party that it has already purchased the Loan or any interest in the Loan, (iii) any claim of any borrower asserting nonexistence of the Loan, and (iv) the issuance of any replacement instrument in lieu of the Promissory Note. The purpose of this affidavit is to establish such facts and to induce_____ to purchase said Note.

## FURTHER AFFIANT SAYETH NOT

Option One Mortgage Corporation
A California Corporation

By:_____
Penny Garcia, Assistant Secretary

State Of: CA

County Of: ORANGE

On 3/29/2007 before me, S. Samsudin, Notary Public, personally appeared Penny Garcia, who is personally known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal:

S. SAMSUDIN
Commission # 1681156
Notary Public - California
Orange County
My Comm. Expires Jul 14, 2010

_____
S. Samsudin, Notary Public

oc-141122