UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM OVERDEEP,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br>AND WELLS FARGO BANK, NATIONAL<br>ASSOCIATION AS TRUSTEE FOR<br>SABR 2004-OP1 MORTGAGE PASS THROUGH<br>CERTIFICATES, SERIES 2004-OP1, ALIAS,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)   Civil Action No.: 1:18-cv-00048-JJM-PAS<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendants Select Portfolio Servicing, Inc. ("SPS"), and Wells Fargo Bank National

Association, as Trustee for SABR 2004-OP1 Mortgage Pass-Through Certificates, Series 2004-

OP1 (the "Trustee") (collectively SPS and the Trustee, the "Defendants"), hereby answer the

Complaint of Plaintiff William Overdeep ("Plaintiff") as follows:

　　　1.　　　Defendants lack sufficient knowledge to admit or deny the allegations, and call

upon Plaintiff to prove the same at trial.

　　　2.　　　Admit that Plaintiff executed the Mortgage, which speaks for itself.

　　　3.　　　Defendants lack sufficient knowledge to admit or deny the allegations, and call

upon Plaintiff to prove the same at trial.

　　　4.　　　Defendants admit that SPS is a Utah corporation.  Defendants admit that SPS is

the current servicer of Plaintiff's mortgage loan owned by the Trustee.  The remainder of the

allegations in Paragraph 4 state legal conclusions for which no answer is required.

　　　5.　　　Admit that the Trustee currently owns and is entitled to enforce the Mortgage.

Defendants deny that the Trustee has never been assigned the Mortgage, and deny that the

Trustee does not have rights to enforce the Mortgage.  The Trustee admits that the applicable

Pooling and Servicing Agreement dated as of March 1, 2004, pursuant to which Plaintiff's mortgage loan was unconditionally sold, transferred, conveyed, and assigned to the Trustee, is a public record on file with the United States Securities and Exchange Commission. Defendants deny the remainder of the allegations in Paragraph 5.

6.      The allegations purport to pertain to the Pooling and Servicing Agreement, which speaks for itself and for which no answer is required.

7.      The allegations purport to pertain to a document, which speaks for itself and for which no answer is required. Defendants lack sufficient knowledge to admit or deny the allegations as to how or when Plaintiff through legal counsel obtained the referenced document, and call upon Plaintiff to prove the same at trial.

8.      Defendants lack sufficient knowledge to admit or deny the allegations as to how or when Plaintiff through legal counsel obtained the referenced document, and call upon Plaintiff to prove the same at trial.

9.      Denied.

10.      The allegations purport to pertain to a document, which speaks for itself and for which no answer is required. To the extent that an answer is required, Defendants admit that a written assignment of the Mortgage to the Trustee in recordable form dated April 12, 2012 was executed and delivered by Sand Canyon Corporation f/k/a Option One Mortgage Corporation, as the prior record holder of the Mortgage.

11.      Denied.

12.      The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

13.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

14.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

15.     Defendants lack sufficient knowledge to admit or deny the allegations, and call upon Plaintiff to prove the same at trial.

16.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.  To the extent that an answer is required, Defendants admit that a foreclosure sale of the mortgaged property was noticed for February 5, 2018, but the sale was subsequently cancelled.

17.     Defendants lack sufficient knowledge to admit or deny the allegations, and call upon Plaintiff to prove the same at trial.

18.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

19.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

20.     The allegation states a legal conclusion for which no answer is required.

21.     The allegations state legal conclusions and a request for relief, for which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff has or can establish any claim for recovery and/or any right to relief against Defendants as a matter of law.

22.     The allegations state legal conclusions and request for relief, for which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff has or can establish any claim for recovery and/or any right to relief against Defendants as a matter of law.

23.     The allegations state legal conclusions, for which no answer is required.  To the extent that an answer is required, Defendants deny that Plaintiff has or can establish any claim for recovery and/or any right to relief against Defendants as a matter of law.

24.     The allegations state legal conclusions, for which no answer is required.  To the extent that an answer is required, Defendants admit that Plaintiff claims to be a resident of the State of Rhode Island, that Defendants maintain principal places of business in states other than in the State of Rhode Island, and that the amount in controversy exceeds $75,000 based upon the claims asserted by Plaintiff in the Complaint.

## COUNT I

## DECLARATORY JUDGMENT

25.     Defendants repeat and incorporate all prior responses as if each were fully set forth herein.

26.     The allegation states a legal conclusion, for which no answer is required.

27.     The allegations state legal conclusions, for which no answer is required.

28.     Denied.  The Lost Note Affidavit was executed on March 29, 2007, according to its terms.  Plaintiff's mortgage loan was unconditionally sold, transferred, conveyed, and assigned to the Trustee as of March 1, 2004 per the express terms and conditions of the Pooling and Servicing Agreement incorporated by reference into the Complaint.

29.     Denied.

30.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II

## INJUNCTIVE RELIEF

36.     Defendants repeat and incorporate all prior responses as if each were fully set forth herein.

37.     Denied.

38.     Defendants lack sufficient knowledge to admit or deny the allegations, and call upon Plaintiff to prove the same at trial.

39.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

40.     The allegations purport to pertain to a document, which speaks for itself and for which no answer is required.

41.     Defendants lack sufficient knowledge to admit or deny the allegations, and call upon Plaintiff to prove the same at trial.

42.     Denied.

43.     Denied.

44.     Denied.

45.     The allegation states a legal conclusion, for which no answer is required.

46.     The allegations state legal conclusions and request for relief, for which no answer is required.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692(F)(6)

47.     Defendants repeat and incorporate all prior responses as if each were fully set forth herein.

48.     Denied.

49.     Denied.

50.     Admitted that, according to the loan records, Plaintiff was in arrears on the mortgage prior to the date on which SPS commenced servicing the loan in 2015.  SPS denies any debt collection activities with respect to Plaintiff.  The remainder of the allegations state legal conclusions, for which no answer is required.

51.     Denied.

52.     Admitted that SPS pursued non-judicial foreclosure of the Mortgage.  Defendants deny the remainder of the allegations.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     The allegations purport to pertain to documents, which speak for themselves and for which no answer is required.  To the extent that an answer is required, SPS denies making any false statements to Plaintiff.

58.     The allegations purport to pertain to documents, which speak for themselves and for which no answer is required.  To the extent that an answer is required, SPS denies making any false statements to Plaintiff.

59.     Denied.

60.     Denied.

61.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST

Plaintiff fails to state a claim upon which relief can be granted as a matter of law.

### SECOND

Plaintiff lacks legal standing to assert the claims set forth in the Complaint.

### THIRD

Plaintiff fails to establish actual loss or injury that was caused by any claimed statutory violation asserted in the Complaint.

### FOURTH

Plaintiff fails to establish actual loss or injury that was caused by any act or omission of Defendants.

### FIFTH

To the extent Plaintiff suffered any loss or damage, such loss or damage was caused by a third-party not within the control of Defendants.

### SIXTH

To the extent Plaintiff suffered any loss or damage, such loss or damage was caused by Plaintiff's own actions or omissions, to include Plaintiff's default under the mortgage loan.

### SEVENTH

As of March 1, 2004, the Trustee obtained all right, title, and interest in and to Plaintiff's mortgage loan in accordance with the express terms and conditions of the Pooling and Servicing Agreement relied upon and incorporated by reference into the Complaint.

### EIGHTH

Plaintiff's claims are barred by unclean hands.

### NINTH

Plaintiff has no right to a jury trial on some or all of the claims asserted.

### TENTH

Plaintiff's claims are barred by the applicable statutes of limitations.

### ELEVENTH

Plaintiff's claims are barred by laches.

### TWELFTH

Plaintiff's claims are barred by Plaintiff's material breaches, to include breach of and default under the mortgage loan.

### THIRTEENTH

Plaintiff is collaterally estopped from asserting the claims set forth in the Complaint.

### FOURTEENTH

Plaintiff is judicially estopped from asserting the claims set forth in the Complaint.

## FIFTEENTH

Plaintiff is barred from asserting the claims set forth in the Complaint based upon Plaintiff's prior Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Rhode Island, No. 1:13-bk-10051.

## SIXTEENTH

Defendants reserve the right to supplement or amend all Affirmative Defenses as discovery progresses in the action.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendants Select Portfolio Servicing, Inc. and Wells Fargo Bank National Association, as Trustee, respectfully request this Honorable Court to:

1.  Enter judgment in their favor against Plaintiff on all Counts of the Complaint;

2.  Dismiss all Counts of the Complaint with prejudice;

3.  Award them reasonable fees and costs incurred in defending this action; and,

4.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC. AND
WELLS FARGO BANK NATIONAL ASSOCIATION,
AS TRUSTEE,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (R.I. Bar #5343)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Dated:  March 12, 2018


## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.


/s/ Peter F. Carr, II
Peter F. Carr, II

Dated:  March 12, 2018